UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EVERETT FINANCIAL, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. C21-1088 RSM<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING THIS MATTER |

This matter is before the Court on Defendants' Motion to Compel Arbitration as to Six Defendants and to Stay Litigation as to All Defendants. Dkt. #29. Plaintiff American Pacific Mortgage Corporation filed suit against seven recently departed employees,[1] one former employee, Luke Welling, who left Plaintiff's employment before the events giving rise to this action, and Defendant Everett Financial Inc. ("Defendant Everett Financial"), a competitor that now employs all eight of the individual defendants. Dkt. #1.[2] In essence, Plaintiff alleges that the seven recently departed employees, while still working for Plaintiff, conspired with Luke

---

[1] Defendants Matthew Thomas, Andrew Hopkins, Austin James, Corey Condrin, Daniel Won, and Kimberly Bundrum. Dkt. #29 at 2 n.1.

[2] Plaintiff also named Jane/John Does 1-10 and Doe Business/Corporate Entities 1-10. Dkt. #1 ¶ 14.

ORDER – 1

Welling and his employer, Defendant Everett Financial, to use proprietary information against Plaintiff's business interests. Based on this general conduct, Plaintiff asserts numerous claims:

> (1) misappropriation of trade secrets (RCW 19.108, *et seq.*); (2) breach of contract; (3) violation of the Computer Fraud and Abuse Act (18 USC § 1030(a)); (4) violation of the Defend Trade Secrets Act (18 USC § 1836); (5) breach of loyalty; (6) improper disclosure of confidential information; (7) tortious interference with customers; (8) breach of the Consumer Protection Act; (9) fraud and misrepresentation related to the mortgage lending process (RCW 19.144.080); (10) conversion; and (11) unjust enrichment.

*Id.* ¶ 1.

The seven recently departed employees have now sought to compel arbitration of Plaintiff's claims against them, relying on the arbitration provisions contained in their employment contracts.[3] Dkt. #29 at 2. Plaintiff does not substantively contest the motion, conceding that "that each of the [] arbitration agreements at issue is valid and enforceable; that the California choice-of-law provision in each agreement applies; that the claims against . . . [Defendants Everett Financial and Luke Welling] should not be compelled to arbitration; and that the claims against [Defendants Everett Financial and Luke Welling] in this Court should be stayed pending the completion of the [seven] individual arbitrations." Dkt. #35 at 5. The substantive issues having been resolved, Plaintiff devotes its response to addressing presumed litigation strategies that Defendants disclaim and hypothetical objections that Plaintiff does not pursue. *See generally id.* Accordingly, the Court grants Defendants' motion as to its request to compel arbitration of Plaintiff's claims against its seven recently departed employees and its

---

[3] Defendants' motion initially sought to compel arbitration only as to six of the seven recently departed employees and excluded Defendant Cindee Wilson. Dkt. #29 at 2 n.1. Plaintiff subsequently shared a copy of Ms. Wilson's employment contract with defense counsel and stipulated that "any relief pertaining to the six [former employees] would apply to Ms. Wilson as well." Dkt. #35 at 4 n.1. Defendants accepted the offered stipulation. Dkt. #39 at 2 n.1.

ORDER – 2

request to stay Plaintiff's remaining claims against Luke Welling and Defendant Everett Financial pending resolution of the arbitrations.

The more substantial matter, from the Court's perspective, is whether Defendants should be awarded their attorneys' fees associated with their motion, as they have requested. Dkt. #29 at 9–11; Dkt. #39 at 3–4. Initially, this appeared to be an appropriate case for imposing an award of attorneys' fees. The Court finds, however, that further consideration is necessary.

The Court begins by noting that the arbitration provisions—contained in Plaintiff's own employment contracts—appear directly applicable to Plaintiff's claims against its seven recently departed employees. Plaintiff and its counsel surely reviewed the employment contracts prior to filing this action and do not provide any explanation for the decision to file a lawsuit in contravention of those provisions. Prior to Defendants filing their motion to compel arbitration, they alerted Plaintiff of the arbitration provisions and requested that they be honored. Dkt. #30 ¶ 2. But Plaintiff did not agree to initiate arbitration and instead filed an "opposition" to Defendants' motion that conceded the substantive relief that Defendants sought. While this motion has been pending, Plaintiff has not acted to effectuate Defendants' requested relief despite failing to substantively oppose it and instead accepting it as a reasonable course of action.[4] The Court agrees when Plaintiff bemoans Defendants' motion as unnecessary. But fault for the unnecessary motion lies with Plaintiff for not acting on the requested relief despite having no colorable argument against it.

While the Court believes that an award of fees may be appropriate, Defendants have not established a clear basis for the Court to do so. Defendants cite to two cases: *Gilbane Federal v.*

---

[4] Even if Plaintiff believed that Defendants were seeking to "consolidate" numerous individual arbitrations into a single "class arbitration" before one arbitrator—an argument premised upon a misreading of Defendants' motion—Plaintiff remained free to initiate separate arbitrations and resolve the issue, within arbitration, if Defendants raised it.

ORDER – 3

*United Infrastructure Projects FZCO*, 275 F. Supp. 3d 1180, 1196 (N.D. Cal. 2017) and *Digimarc Corp. v. Verance Corp.*, Case No. 10-cv-1489, 2011 WL 7077315, *12 (D. Or. 2011). But each of those cases dealt with awards of attorneys' fees as damages on breach of contract claims where the opposing party violated a forum-selection clause. Defendants' have not asserted a counterclaim alleging that Plaintiff's decision to file this lawsuit instead of initiating arbitration breached the employment contracts.

Accordingly, the parties are granted leave to file additional briefing addressing:

1. whether an appropriate authority allows for an award of attorneys' fees here;
2. whether an award of attorneys' fees is warranted under these circumstances; and
3. the appropriate amount of any award.

As to the first topic, the Court believes the parties may wish to consider the attorneys' fee provisions of the employment contacts, the Court's authority to impose sanctions (whether premised on Plaintiff's initial filing of this action or its opposition to Defendants' motion), and any other relevant authorities. As to these first and second topics, the parties are to file simultaneous briefs, no longer than eight pages, within 21 days of this Order.

Defendants are granted leave to file an additional four pages of briefing to address the appropriate measure of any award which may be warranted. Defendants may elect to file (1) concurrently with their briefing on the first and second topics[5] or (2) ten days after the Court issues an order addressing the briefing on the first and second topics (and assuming the Court's order does not preclude the possibility). In either event, Plaintiff is granted leave to file a four-page response, addressing only the reasonableness of the fees requested, within seven days of Defendants' filing.

---

[5] If Defendants file concurrently, they are limited to 12 total pages (excluding supporting declarations and attachments) but may allocate space between the three issues as they deem fit.

ORDER – 4

Having fully reviewed this matter, the Court finds and ORDERS that:

1. Defendants' Motion to Compel Arbitration as to Six Defendants and to Stay Litigation as to All Defendants (Dkt. #29) is GRANTED.  Plaintiff shall pursue all of its claims against Defendants Matthew Thomas, Andrew Hopkins, Austin James, Corey Condrin, Daniel Won, Kimberly Bundrum, and Cindee Wilson in individual arbitrations in accordance with the parties' agreements.

2. Plaintiff's remaining claims against Luke Welling and Everett Financial Inc. are hereby STAYED, and all prior Scheduling Order deadlines are VACATED.

3. The parties are granted leave to submit further briefing as specified in this Order.

4. The Parties' Joint Stipulation to Stay Scheduling Order Deadlines, Joint Status Report, and Joint Request for Status Conference (Dkt. #41) is DENIED as moot.

5. The parties are to file a joint status report with the Court within 30 days of the conclusion of each of the individual arbitrations and, in any event, no later than six months of this Order.

DATED this 10th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE