HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION, a California corporation; and ELEMENT MORTGAGE, a division of AMERICAN PACIFIC MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING; LUKE WELLING, an individual residing in Washington State; MATTHEW THOMAS, an individual residing in Washington State; ANDREW HOPKINS, an individual residing in Washington State, AUSTIN JAMES, an individual residing in Washington State, COREY CONDRIN, an individual residing in Washington State; DANIEL WON, an individual residing in Washington State, KIMBERLY BUNDRUM, an individual residing in Washington State, CINDEE WILSON, an individual residing in Washington State; JANE/JOHN DOES 1-10; DOE BUSINESS/CORPORATION ENTITIES 1-10,<br><br>Defendants. | CIVIL ACTION NO. 2:21-cv-01088-RSM<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' REQUEST FOR ATTORNEY FEES** |

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST FOR ATTORNEY FEES
No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

On August 10, 2022, this Court granted Defendants' Motion to Compel Arbitration as to seven of the Individual Defendants. Dkt. #42. Because Plaintiff offered "no colorable argument" against Defendants' motion, the Court noted that "an award of fees may be appropriate" and requested further briefing. *Id.* at 3. The Court identified three topics for briefing: (1) whether the Court has authority to award fees for compelling arbitration; (2) whether an award is justified here; and (3) the amount of the fees that should be awarded. *Id.* at 4. The Court offered Defendants the option of deferring briefing on Topic (3) until the Court rules on Topics (1) and (2). *Id.* Defendants hereby avail themselves of the option to defer briefing on Topic (3). This brief addresses Topics (1) and (2).

## ARGUMENT

The Court should award Defendants their attorneys' fees for two reasons. First, the parties' Employment Agreements authorize recovery of fees when, as here, a party prevails in any action "to enforce or interpret the terms" of the contracts. Courts have interpreted similar contractual provisions to support attorneys-fee awards for successful motions to compel arbitrations. Second, the Court has inherent authority to award attorneys' fees when, as here, a party refuses, without justification, to honor an arbitration agreement and unnecessarily opposes a motion to compel arbitration.

### A. The Court Should Award Defendants Their Attorneys' Fees Pursuant to the Attorney Fees Provision in the Individual Defendants' Employment Contracts.

The Employment Agreements between Plaintiff and each of the Individual Defendants provides, in pertinent part, as follows:

> If any action at law or in equity is necessary **to enforce or interpret the terms** of **this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs, and necessary disbursements** in addition to any other relief to which

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST FOR ATTORNEY FEES - 1
No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

> that party may be entitled.  This provision shall be construed as applicable to the
> entire contract.

Dkt. #30, Exs. A-F at § 7.10 (Attorneys' Fees Agreement) (emphasis added).  Here, Defendants' motion was necessary to "enforce" their arbitration agreements because Plaintiff refused to pursue its claims in arbitration.  Dkt. #42 at 3.  Under the Attorneys' Fees Agreement, Defendants are therefore entitled to recover their fees and costs.

The Employment Agreements are "governed by and construed in accordance with the laws of the State of California."   Dkt. #30, Exs. A-F at § 7.14.  California courts regularly award attorneys' fees when, as here, a party is obliged to compel arbitration under a contract that allows prevailing parties to recover their attorneys' fees.  In *Benjamin, Weill & Mazer v. Kors*, 195 Cal. App. 4th 40, 73, 125 Cal. Rptr. 3d 469, 496 (2011) (*Kors*), for example, the fee agreement between a law firm and client contained an arbitration clause applicable to any fee dispute between the parties.  But when a fee dispute developed, the law firm nevertheless sued the client in court, not arbitration.  *Id.*  The client, like Defendants here, was forced to file a petition to compel arbitration because the law firm refused to honor the arbitration clause.  *Id.* at 79.  After the trial court granted the client's petition to compel arbitration of the fee dispute, the client moved for an award of attorney fees under a provision of the agreement which provided that "[t]he prevailing party in any arbitration or litigation pertaining to [any fee] dispute may recover the full value of attorney's fees incurred in any dispute over enforcement of this agreement, even if any party hereto represents itself." *Id.* at 73.

The law firm objected that an order compelling arbitration cannot support an attorneys' fees award because "it does not finally dispose of the rights of the parties and permit the determination of the prevailing party" on the merits of the underlying claims.  *Id.*  But the court rejected this argument on the ground that the attorneys' fees provision in the contract established the right of a prevailing part to recover the full value of attorney's fees incurred "in any dispute

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST
FOR ATTORNEY FEES - 2
 No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

over enforcement of this agreement," which covers a dispute over enforcement of the arbitration provision. *Id* at 76. The court rejected the idea that "a person who incurred attorney fees in vindicating a contractual right should be forced to file a separate claim in arbitration in order to recover those expenses." *Id.* at 79. Because the client prevailed in the discrete litigation proceeding to enforce the arbitration provision, the court granted her an award of fees incurred to compel arbitration. *Id.* at 76.

Other California courts have reached the same conclusion. In *Turner v. Schultz*, 175 Cal. App. 4th 974, 975, 96 Cal. Rptr. 3d 659, 660 (2009), the parties' contract provided that "[i]n the event any legal action or arbitration is commenced of any kind or character, to enforce the provisions of this Agreement or to obtain damages for breach thereof, the prevailing party in such action shall be entitled to all costs and reasonable attorney's fees incurred in connection with such action." The court affirmed an award of fees to a party whose petition to compel arbitration succeeded based on this provision. *See also Otay River Constructors v. San Diego Expressway*, 158 Cal. App. 4th 796, 807, 70 Cal. Rptr. 3d 434, 442 (2008) (noting that "courts have awarded attorney fees to a party obtaining an appealable order or judgment in a discrete legal proceeding even though the underlying litigation on the merits was not final" and awarding fees based on an attorney fee provision that allowed "the prevailing Party in any proceeding" to recover from the losing party "reasonable attorneys' fees"); *Acosta v. Kerrigan*, 150 Cal. App. 4th 1124, 1132, 58 Cal. Rptr. 3d 865, 872 (2007) ("a party who prevails on a petition to compel arbitration has an immediate right to make a claim for the attorney fees he incurred in getting the trial court to move the controversy to arbitration").

Here, Defendants are the prevailing party in the discrete action to enforce the arbitration provisions of the Employment Agreements. The Court should therefore enforce the Attorneys' Fees Agreement and award Defendants their fees and costs. As noted by the court in *Kors*, a party that has incurred fees in vindicating a contractual right may request fees as part of the litigation

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST
FOR ATTORNEY FEES - 3
No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

and should not be forced to file a separate claim in arbitration in order to recover those fees. 195 Cal. App. 4th at 73.

### B. The Court Should Award Defendants Their Attorneys' Fees Based on the Court's Inherent Powers.

The Court also has authority to award attorneys' fees both as a court of equity and as a matter of its inherent authority to sanction bad behavior. The Court should exercise these inherent powers because Plaintiff refused, without justification, to honor the arbitration Agreement.

#### 1. The Court Has Equitable Authority to Award Attorneys' Fees When a Party Refuses without Justification To Honor an Arbitration Agreement.

Courts have equitable authority to award attorneys' fees when, as here, a party refuses, without justification, to honor an arbitration agreement. *E.g., Yakima Cty. v. Yakima Cty. Law Enf't Officers Guild*, 157 Wn. App. 304, 338, 237 P.3d 316, 334 (2010) ("Federal courts authorize an award of fees in equity when an employer, in bad faith or without justification, refuses to proceed to arbitration."); *Int'l Longshoremen's & Warehousemen's Union v. Cutter Labs*., 552 F. Supp. 979, 982 (N.D. Cal. 1982) ("Because the Court believes that none of the proceedings in federal court were necessary, the award includes both the costs petitioner incurred in obtaining the Order to Compel Arbitration and the costs incurred in briefing the issue of attorneys' fees.").

In *Yakima County,* a labor union filed a grievance over an employee's termination, and the employer refused to arbitrate, despite the arbitration provision in the collective bargaining agreement. *Id.* The union sued to compel arbitration and asserted an equitable basis for fees "because it had to compel arbitration." *Id.* at 337. The arbitrator awarded fees based on the employer's refusal "without justification" to proceed to arbitration, and the court affirmed the arbitrator's decision. *Id.* at 338; *see also Saleemi v. Doctor's Assocs*., 166 Wn. App. 81, 97, 269 P.3d 350, 358 (2012) (concluding that superior court erred when failing to award fees incurred in

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST FOR ATTORNEY FEES - 4
No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

enforcing the arbitration clause).

### 2. The Court Has Inherent Authority To Impose Sanctions To Punish and Deter Bad-Faith Conduct.

The Court also has inherent authority to sanction a party acting in bad faith. General Rule 3(d) for the Western District of Washington specifically provides that "…a party…who presents to the court unnecessary motions or unwarranted opposition to motions, or who…obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously" may be subject to sanctions that the court deems appropriate. "General Rule 3(d) specifically authorizes courts to impose sanctions on a party who, like plaintiffs, files unwarranted oppositions to motions or otherwise vexatiously increases the cost of litigation." *Malone v. Clark Nuber, P.S.*, No. C07-2046RSL, 2008 U.S. Dist. LEXIS 41190, at *6 (W.D. Wash. May 23, 2008); *see also PMT NPL Fin. 2015-1 v. Lee*, No. C17-01376RSL, 2018 U.S. Dist. LEXIS 4609, at *5-6 (W.D. Wash. January 10, 2018) ("The Court has authority under Local Civil Rule 11(c) to sanction a party who presents to the court unnecessary motions or unwarranted opposition."); *Wagafe v. Trump*, No. C17-94 RAJ, 2019 U.S. Dist. LEXIS 31420, at *11 (W.D. Wash. February 27, 2019) ("a district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct") (internal citation omitted).

### 3. The Court Should Exercise Its Inherent Powers To Award Defendants Their Attorneys' Fees Because Plaintiff Had No Justification for Opposing the Motion and Vexatiously Increased Litigation Costs.

Here, the Court has already recognized that Plaintiff filed an unnecessary legal action and lacked any justification for refusing to pursue its claims against the Individual Defendants in arbitration. As the Court noted, "the arbitration provisions—contained in Plaintiff's own employment contracts—appear directly applicable to Plaintiff's claims against its seven former employees," yet Plaintiff failed to honor the arbitration provisions and failed to offer any

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST
FOR ATTORNEY FEES - 5
No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

justification in response to Defendants' motion. Dkt. #42, at 3. The Court concluded that "fault for the unnecessary motion lies with Plaintiff for not acting on the requested relief despite having no colorable argument against it." *Id.*

Because Plaintiff refused to arbitrate "without justification," unnecessarily opposed the Individual Defendants' motion to compel arbitration, and vexatiously increased the cost of litigation, the Court should exercise its inherent powers to award Defendants their attorneys' fees.

## CONCLUSION

The Court has authority to award Defendants their attorneys' fees pursuant to the Attorneys' Fees Agreement and the Court's inherent powers. The Court should exercise its authority here because Plaintiff offered "no colorable argument" for refusing to honor the arbitration provisions or for opposing Defendants' motion to compel arbitration.

DATED this 31st day of August 2022.

DORSEY & WHITNEY LLP

s/ *Marina Lyons*
Marina Lyons WSBA #49127
lyons.marina@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

F. Matthew Ralph MSBA #0323202
Admitted pro hac vice
ralph.matthew@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

*Attorneys for Defendants Supreme Lending, Welling, Thomas, Hopkins, James, Condrin, Won, Bundrum, and Wilson*

BRIEF IN SUPPORT OF DEFENDANTS' REQUEST FOR ATTORNEY FEES - 6
No. 2:21-cv-01088-RSM
4889-0410-7567\3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Tyson L. Calvert, WSBA #38908<br>tcalvert@lindsayhart.com<br>Matthew N. Miller, WSBA #48704<br>mmiller@lindsayhart.com<br>Lindsay Hart, LLP<br>1300 SW 5th Ave., Suite 3400<br>Portland, OR 97204-5640 | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Maren Calvert, WSBA #53904<br>maren@horensteinlawgroup.com<br>Horenstein Law Group PLLC<br>500 Broadway Street, Suite 370<br>Vancouver, WA 98660-3324 | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Rabindra M. David (CA SBN 274504)<br>rabi@medinamckelvey.com<br>Medina McKelvey LLP<br>925 Highland Point Drive, Suite 300<br>Roseville, CA 95678 | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

Dated this 31st day of August 2022.

s/ *Hayley Price*
Hayley Price, Legal Assistant

CERTIFICATE OF SERVICE - 1
No. 2:21-cv-01088-RSM

4889-0410-7567\3

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820