HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION, a California corporation; and ELEMENT MORTGAGE, a division of AMERICAN PACIFIC MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING; LUKE WELLING, an individual residing in Washington State; MATTHEW THOMAS, an individual residing in Washington State; ANDREW HOPKINS, an individual residing in Washington State; AUSTIN JAMES, an individual residing in Washington State; COREY CONDRIN, an individual residing in Washington State; DANIEL WON, an individual residing in Washington State; KIMBERLY BUNDRUM, an individual residing in Washington State; CINDEE WILSON, an individual residing in Washington State; JANE/JOHN DOES 1-10; DOE BUSINESS/CORPORATE ENTITIES 1-10,<br><br>Defendants. | Case No. 2:21-cv-1088 RSM<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES**<br><br>**NOTING DATE: JANUARY 21, 2022**<br><br>TRIAL DATE:   January 17, 2023<br>ACTION FILED: August 13, 2021 |



Page 1 – **PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING ATTORNEYS' FEES**

MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211

## I.   INTRODUCTION

The Court requested supplemental briefing on whether attorneys' fees should be levied against plaintiff American Pacific Mortgage ("APM") in light of the arbitration agreements signed by six individual defendants (hereinafter, "Defendants"[1]).  APM appreciates the opportunity to address the issue before the Court's mind is set because despite Defendants' two attempts to explain why the extraordinary step of granting attorneys' fees is warranted, Defendants have not been able to do so.  That alone should end the issue.

If, however, the Court feels it is necessary to afford Defendants another opportunity, there are multiple, independent reasons why there is no basis to award attorneys' fees here.  First, under the terms of the Arbitration Agreements,[2] the question of attorneys' fees based on an alleged breach of the Agreements is reserved for the arbitrator.  Second, assuming, but not conceding, that California contract law applies to the question of attorneys' fees, APM did not violate the Arbitration Agreements by exploring the applicability of California Code of Civil Procedure section 1281.2.  APM was well justified in exploring this complex and conflicted area of procedural law, and it did so in good faith.  Third, under California law, Defendants are not a "prevailing party" and therefore are not entitled to attorneys' fees.  And, likewise, the Arbitration Agreements themselves do not permit attorneys' fees given the procedural posture of this case.  One or all of these reasons show why attorneys' fees are not warranted here.

## II.   BACKGROUND

The relevant background of this case is thoroughly explained in APM's Opposition to the Motion to Compel and its supporting declarations.  (*See* Pls.' Opp'n to Mot. to Compel, ECF No. 35; Medina Decl., ECF No. 36; and Nugent Decl.)  There are a few facts worth emphasizing here.

///

---

[1]  "Defendants" throughout refers collectively to the six individual defendants that were the subject of Defendants' motion to compel arbitration.

[2]  Because the six arbitration agreements at issue are virtually identical, APM refers to them collectively as "Arbitration Agreements" or the "Agreements," and cites to the agreement signed by defendant Matthew Thomas exclusively.  (*See* Declaration of Chuck Nugent in Support of Pls.' Opp'n to Mot to Compel ("Nugent Decl."), Ex. A, ECF No. 37-1.)



Page 2 – **PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING ATTORNEYS' FEES**

MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211

When the issue of arbitrability first arose, APM immediately attempted to work with Defendants to devise a plan to manage the complexity of these proceedings in the most efficient way possible. (Medina Decl. ¶ 3.) On November 12, 2021, the parties held a telephone conference in which they discussed the applicability of California Civil Code of Procedure section 1281.2 as a potential resolution to the procedural problems presented by this case. (*Id.* ¶ 5.) On December 13, 2021, after researching the issue further, defense counsel responded with an email stating that Section 1281.2 doesn't apply, and Defendants intend to file their motion to compel. (*Id.* ¶ 6.) Surprised by Defendants' haste, APM replied that same day to discuss all available options before the parties engaged in motion practice. (*Id.* ¶ 7.) Yet, without responding to APM's request, Defendants filed their motion to compel four days later. (*Id.* ¶ 8.) Motion practice ensued.

### III.   ARGUMENT

#### A.   Despite Multiple Opportunities, Defendants Fail to Justify Attorneys' Fees.

As an initial matter, Defendants had two opportunities to show that APM should pay Defendants' legal fees for bringing the motion to compel arbitration. They failed in both attempts, and they are not entitled to a third. In their initial motion to compel arbitration, Defendants made a passing, one-paragraph argument for an attorneys' fees award based on, as the Court noted, case law that was wholly irrelevant given the procedural posture of this case. (*See* Defs.' Mot. to Compel Arbitration ("Defs. Mot."), ECF No. 29, at 9–10 (citing cases based on breach of forum selection clause).) Then, in their reply brief, Defendants gave a more robust response regarding the parties' meet and confer efforts and the timeline preceding the motion, but still failed to provide any relevant, substantive legal support for their fee request. (*See* Defs.' Reply in Support of Mot. to Compel Arbitration ("Defs.' Reply"), ECF No. 39, at 3–4.) It was Defendants' burden to support their request for attorneys' fees with relevant legal and factual authority. Defendants failed to meet their burden.

Because of this failure, APM respectfully submits that it is improper and unnecessary to grant Defendants yet another opportunity to obtain attorneys' fees. "It is an elementary principle … that parties are expected to raise all relevant arguments in the briefing on a given motion; parties do not get a second bite at the apple if their initial arguments fail." *Meeks v. Experian Info. Sols.,*



Page 3 – PLAINTIFF'S
SUPPLEMENTAL BRIEF REGARDING
ATTORNEYS' FEES

MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211

*Inc.*, No. 21-CV-03266-VC, 2022 WL 53832, at *1 (N.D. Cal. Jan. 5, 2022) (citing *Securities Investor Protection Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996); *see Liang v. Nguyen,* No. CV 08-8211PSG(JCX), 2009 WL 514073, at *2 (C.D. Cal. Feb. 26, 2009) ("Defendants had ample opportunity to brief the [] issue in their Opposition . . . . They failed to do so. Defendants do not get a 'second bite at the apple.'"); *cf. F.C.C. v. Pacifica Found.*, 438 U.S. 726, 735, (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). For this reason alone, the Court should deny Defendants' request for attorneys' fees.

### B. The Question of Fees Must Be Resolved by an Arbitrator, Not This Court.

The Arbitration Agreements state that, "Employee and APM agree that final and binding arbitration shall be the exclusive remedy for any dispute arising out of the employment relationship, including . . . any alleged breach or termination of this Agreement." (Arbitration Agreements at 7.) The basis of Defendants' request is that APM breached the Arbitration Agreements by initiating this action in federal court. (*See* Defs.' Reply at 4 ("[T]he Motion was triggered by APM's breach of contract.").) And, indeed, the Court has already sent the cases related to the six individual defendants to arbitration. (*See* Order Granting Mot. to Compel ("Order"), ECF No. 42, at 5.)[3] Because the issue of attorneys' fees springs from APM's alleged breach of the Arbitration Agreements, resolution of the dispute is for the arbitrator to decide.

Defendants might argue that APM is engaging in doublespeak by arguing on the one hand that arbitration was inappropriate given the options available under California Code of Civil Procedure section 1281.2, and on the other hand that the issue of attorneys' fees must be resolved in arbitration. Defendants would be wrong. APM's position has remained consistent throughout. As explained below, the California Legislature enacted Section 1281.2 to address the exact procedural problems present in this case.[4] APM attempted in good faith to fully explore the

---

[3] APM initiated arbitration as to defendant Corey Condrin on August 26, 2022. The arbitrations of the six individual defendants will be conducted consecutively and are expected to take several months to complete.

[4] For example, one such problem is that the theory of this case attaches primary blame to the corporate defendant (Supreme Lending), but that theory becomes logistically more challenging pursue that theory while the arbitrations as to the six individual defendants are being resolved. Section 1281.2(c) provides a viable option to address this issue by allowing the court to "stay arbitration pending the outcome of the court action." Cal. Code Civ. Proc. § 1281.2(c).



| Page 4 – PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING ATTORNEYS' FEES | MEDINA McKELVEY LLP 925 Highland Pointe Drive, Suite 300 Roseville, California 95678 Telephone: (916) 960-2211 |
|---|---|



applicability and options available under Section 1281.2 to avoid these procedural problems. (*See* Medina Decl. ¶¶ 3–11.) Once it became clear that Defendants were no longer willing to explore these options and were attempting to enforce arbitration, APM agreed to arbitration, predicated on the Court's determination that Defendants arbitrate according to the terms of the Agreement: in separate arbitrations, preserving arbitrator selection rights—not in a single proceeding before a single arbitrator. (*See* Pls.' Opp'n to Mot. to Compel at 10–13.)

Now, with the procedural options under Section 1281.2 no longer viable, it is not inconsistent for APM to point to the express terms of the Arbitration Agreements to resolve an "alleged breach . . . of this Agreement" upon which Defendants base their request for attorneys' fees. (Arbitration Agreements at 7.) The request for attorneys' fees must be denied on this additional basis. *See Harris v. Sandro*, 96 Cal. App. 4th 1310, 1314 (2002) ("Where, as here, a contract both compels arbitration and awards attorneys' fees to the prevailing party in 'litigation' arising out of the contract, the attorneys' fee provision applies to the arbitration.").

### C. There Is No Basis in Law or Fact for Awarding Attorneys' Fees.

If the Court determines that it has the authority to address the question of attorneys' fees under the terms of the Arbitration Agreements, Defendants lose this issue on the merits, since they provide no legal or factual basis upon which the Court may resolve the question. Nonetheless, APM assumes, without conceding, that California contract law governs the recovery of attorneys' fees for a breach of contract as Defendants request here. (*See* Defs.' Reply at 4 ("[T]he Motion was triggered by APM's breach of contract.").)

In the Ninth Circuit, federal courts in diversity actions must apply state law with regard to the allowance of attorney's fees. *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985). Under the Arbitration Agreements, California law applies. (Arbitration Agreements at 9.)

///
///
///
///
///

In California, Civil Code section 1717 governs the award of attorneys' fees in a breach of contract action. Section 1717 provides in relevant part:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.
> . . . .
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

Cal. Civ. Code §§ 1717(a), (b)(1).

Any arguments that APM breached the Arbitration Agreements and should pay Defendants' attorneys' fees under Section 1717 are misplaced. Such arguments hold little weight because (1) APM did not violate the Arbitration Agreements by attempting to resolve the procedural quandary present in this case by exploring the applicability of Section 1281.2, and (2) Defendants are not "prevailing parties" under the meaning of Section 1717.

        1.     APM did not violate the Arbitration Agreements by exploring the applicability of Section 1281.2.

When a party relies on a general attorneys' fees provision in an arbitration agreement, as Defendants likely will here, Courts generally will not award attorneys' fees when there is no clear "violation" of the agreement. *Advent Env't Consulting, LLC v. Jotform Inc.*, No. 21-CV-06639-VC, 2022 WL 18485, at *2 (N.D. Cal. Jan. 3, 2022). Even if a party's reasons for testing or seemingly contravening the agreement are "weak," courts will not award attorneys' fees unless those reasons were "wholly frivolous or made in bad faith." *Id.*

Here, as explained in its Opposition to the Motion to Compel, APM did not initially agree to arbitration because it believed that California's Section 1281.2 provided viable options to solve the procedural dilemmas present in this case. (*See generally* APM's Opp'n to Mot. to Compel; *see also* Medina Decl. ¶¶ 3–11.) This belief was not wholly frivolous or made in bad faith, but rather

based on complex and tricky procedural quandaries thoroughly whiteboarded by APM's counsel, as explained in the Medina Declaration.

APM's consideration of Section 1281.2 was not wholly frivolous. Section 1281.2 has a long and tortured history, and there has been significant conflict between California courts and the Ninth Circuit regarding its applicability. *Compare Cronus Invs., Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 387 (2005) (finding that general choice-of-law provisions are sufficient to incorporate California's substantive procedural protections, *with Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1212 (9th Cir. 1998) (finding that general choice-of-law provisions do not include "special rule[s] limiting the authority of arbitrators"). Nonetheless, the United States Supreme Court has said that Section 1281.2 does not necessarily disrupt the goals and policies of the Federal Arbitration Act ("FAA"). *Volt Info. Scis., Inc.*, 489 U.S. at 477–78 (1989).

Whether Section 1281.2 applies is a matter of contract interpretation. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). "Under California contract law, the court must 'endeavor to effectuate the mutual intent of the parties.'" *Wolsey*, 144 F.3d at 1210 (citing *City of El Cajon v. El Cajon Police Officers' Ass'n*, 49 Cal. App. 4th 64 (1996)). If the court determines that under the terms of the agreement the parties intended for California's arbitration rules to apply, rather than the default FAA rules, then Section 1281.2 will apply. *Id.* at 1212; *see also Defrees v. Kirkland,* No. CV 11-4272 GAF (SPX), 2012 WL 12883971, at *4 (C.D. Cal. Jan. 17, 2012) ("[R]elevant case law teaches that a general choice of law provision that provides for enforcement in accordance with state law manifests an intent to comply with state law procedural rules."), *affd*, 579 F. App'x 538 (9th Cir. 2014).

Here, there is, at the very least, ambiguity in the Arbitration Agreements as to whether California and not federal arbitration rules apply. The Arbitration Agreements make no claims that the arbitrations should proceed according to FAA rules. In fact, the Arbitration Agreements' only reference to the FAA refers to the grounds upon which a court may enter judgment of the arbitration award. (*See* Arbitration Agreements at 8.) Conversely, the Arbitration Agreements say that, "This Agreement shall be governed by and construed in accordance with the laws of the State of California." (*Id.* at 9.) This plainly raises a question of interpretation that justified further

Page 7 – PLAINTIFF'S
SUPPLEMENTAL BRIEF REGARDING
ATTORNEYS' FEES

MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211

exploration of Section 1281.2's application. *See, e.g.*, *S. Cal., Ariz., Col.., & S. Nev. Galziers Aric. Metal & Glass Workers Pension Tr. v. Sardagna*, 7 F. App'x 754 (9th Cir. 2001) (upholding application of 1281.2 where agreement provided that "all questions in respect to procedure . . . and the enforceability of this Agreement to arbitrate . . . shall be resolved according to the law of the State of California.") (alterations in original); *Cronus*, 35 Cal. 4th at 387 (finding that agreement "construed and enforced in accordance with and governed by the laws of the State of California" incorporated California's procedural protection, including Section 1281.2).

Of course, the question before the Court is not whether APM's exploration of Section 1281.2 was right or wrong, but whether it was "wholly frivolous or made in bad faith." *Jotform*, 2022 WL 18485, at *2. The answer is clearly no. APM acted in good faith in its consideration of Section 1281.2 given the language in the Arbitration Agreements and the procedural complexity created by this case, and its good-faith effort is well documented through its extensive meet and confer discussions with defense counsel. (*See* Medina Decl. at 3–11.) Even if, in the Court's mind, APM's arguments regarding Section 1281.2 were ultimately "weak," that is not enough to justify attorneys' fees.[5] *Jotform*, 2022 WL 18485, at *2.

Granting attorneys' fees is an extraordinary measure and should not be permitted based on a non-frivolous legal dispute made in good faith. That is precisely the case here. For this additional reason, Defendants' request for attorneys' fees must be denied.

2.  Defendants are not a "prevailing party" under Civil Code section 1717.

Defendants are also not entitled to attorneys' fees because they are not a "prevailing party." Section 1717(b)(1) states that, "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." Cal. Civ. Code § 1717(b)(1). As the Court's August 10, 2022 order notes, there is no action against APM for breach of contract.

---

[5] The Court's order also characterizes APM's argument that Defendants' were attempting to arbitrate the claims of the six individual defendants before a single arbitrator as a "misreading" of Defendants' motion. (*See* Order at 3 n.4.). But as the proposed order attendant to Defendants' motion to compel makes clear, APM was well justified in its interpretation of Defendants' motion. (*See* Defs.' Proposed Order in Support of Mot. to Compel, ECF No. 31, at 2 ("APM shall pursue all of its claims against the Six Defendants in individual arbitrations . . . before a single arbitrator in Placer County, California.").)

Page 8 – **PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING ATTORNEYS' FEES**

MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211

Defendants' allegations of breach are made only within the context of APM's broader misappropriation suit. A necessary element of Section 1717(b)(1) thus is missing.

Moreover, California courts have said that "[b]ased on the plain meaning of section 1717 …. a petition to compel arbitration *filed in a pending lawsuit* is not an 'action,' and attorney fees cannot be awarded to the prevailing party, until the requests for relief—the causes of action—are ultimately resolved." *Roberts v. Packard, Packard & Johnson*, 217 Cal. App. 4th 822, 833 (2013) (emphasis in original); see *Anderson Plant, LLC v. Batzer Const., Inc.*, No. 2:13-CV-02109-KJM, 2014 WL 2093479, at *4 (E.D. Cal. May 19, 2014) (motion for attorneys' fees under Section 1717 premature where petition to compel arbitration filed in pending lawsuit).

Likewise, the contractual prerequisite for attorneys' fees does not exist because there is no "action at law" upon which Defendants' fee request is based. The Arbitration Agreements state that attorneys' fees are permissible only when an "action at law or in equity is necessary to enforce or interpret the terms" of the Agreements. (Arbitration Agreements at 8.) An "action at law" means "a civil suit stating a legal cause of action." *Action at law*, Black's Law Dictionary (11th ed. 2019). Here, the only suit that exists is the one initiated by APM based on trade secret misappropriation. This is not an "action at law" to remedy alleged harm for breach of contract.

Because Defendants cannot satisfy the statutory or contractual prerequisites to obtain attorneys' fees, their request must be denied.

## IV. CONCLUSION

Awarding attorneys' fees is an extraordinary measure that should be permitted only when there is a clear legal and factual basis to do so. As explained above, there are multiple, independent reasons why Defendants' request for attorneys' fees lacks support. For each of these reasons, APM respectfully requests that the Court deny Defendants' request for attorneys' fees.

///

///

///

///

Dated this 31st day of August 2022.

                    MEDINA McKELVEY LLP

By:   /s/Rabindra M. David
Alexander M. Medina (CA SBN 222014)
alex@medinamckelvey.com
Admitted *pro hac vice*
Rabindra M. David (CA SBN 274504)
rabi@medinamckelvey.com
Admitted *pro hac vice*
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile: (916) 742-5488

*with*

Tyson L. Calvert (WSBA No. 38908)
tcalvert@lindsayhart.com
Matthew N. Miller (WSBA No. 48704)
mmiller@lindsayhart.com
LINDSAY HART, LLP
1300 SW 5th Ave., Suite 3400
Portland, Oregon 97204-5640
Telephone: (503) 226-7677
Facsimile: (503) 226-7697

Maren Calvert (WSBA No. 53940)
mcalvert@schwabe.com
SCHWABE, WILLIAMSON & WYATT
700 Washington St Ste 701
Vancouver, WA 98660-3338
Telephone: (360) 597-0804

*Attorneys for Plaintiffs*

