UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION; ELEMENT MORTGAGE, <br><br>Plaintiff, <br><br>v. <br><br>EVERETT FINANCIAL INC.; LUKE WELLING; JANE/JOHN DOES 1-10; DOE BUSINESS/CORPORATE ENTITIES 1-10, <br><br>Defendant. | Case No. 2:21-cv-01088-TMC <br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES |

## I.   INTRODUCTION

In its August 2022 order granting Defendants' motion to compel arbitration, the Court directed the parties to submit simultaneous supplemental briefs addressing whether Defendants should be awarded their attorney's fees for filing the motion. Dkt. 42 at 4. Unfortunately, because the supplemental briefs were not noted as a pending motion in the Court's docketing system, they did not appear in the Court's internal tracking of pending motions and were never addressed. On August 30, 2023, this case was transferred to the undersigned judge, the error was discovered upon review of the docket, and the briefs were re-noted as a pending motion. Dkts.

ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES - 1

54, 56. The Court has now considered the supplemental briefs, the underlying record, and additional supplemental briefs submitted by the parties on October 27, 2023, at the Court's request. For the reasons explained below, the Court DENIES the request for attorney's fees (Dkt. 43).

## II.  BACKGROUND

As explained in the order compelling arbitration, in August 2021 "Plaintiff American Pacific Mortgage Corporation filed suit against seven recently departed employees, one former employee, Luke Welling . . . and Defendant Everett Financial Inc. . . . a competitor" that, at the time, employed all eight of the individual defendants. Dkt. 42 at 1. "In essence, Plaintiff allege[d] that the seven recently departed employees, while still working for Plaintiff, conspired with Luke Welling and his employer, Defendant Everett Financial, to use proprietary information against Plaintiff's business interests." *Id.* at 1–2. In December 2021, Defendants moved to compel arbitration for the claims American Pacific brought against its seven recently departed employees based on the arbitration provisions in their employment agreements. Dkt. 29.

In his order granting the motion to compel arbitration in August 2022, U.S. District Judge Ricardo S. Martinez observed that American Pacific did "not substantively contest the motion," instead "conceding that 'each of the arbitration agreements at issue is valid and enforceable.'" Dkt. 42 at 2 (quoting Dkt. 35 at 5). Nonetheless, American Pacific opposed the motion, "devot[ing] its response to addressing presumed litigation strategies that Defendants disclaim and hypothetical objections that [American Pacific] does not pursue." *Id.* Judge Martinez observed that American Pacific had not taken any action while the motion was pending to initiate the arbitrations they no longer opposed, and although American Pacific "bemoans Defendants' motion [to compel arbitration] as unnecessary," the "fault for the unnecessary motion lies with

Plaintiff for not acting on the requested relief despite having no colorable argument against it." *Id.* at 3.

Judge Martinez therefore concluded that the "more substantial matter" was "whether Defendants should be awarded their attorneys' fees associated with their motion, as they have requested." *Id.* He explained that while he "believe[d] that an award of fees may be appropriate," supplemental briefing was needed on whether there was "a clear basis for the Court to do so." *See id.* Judge Martinez thus directed the parties to submit simultaneous supplemental briefs addressing the authority for attorney's fees and suggested they "consider the attorneys' fee provisions of the employment contracts" and "the Court's authority to impose sanctions." *Id.* at 3–4.

As explained above, the case was transferred to the undersigned judge before the Court ruled on the request for attorney's fees. Meanwhile, after fits and starts of pursuing its claims in arbitration against the seven recently departed employees, American Pacific eventually dismissed its arbitration claims against all seven individuals and dismissed them from this lawsuit, explaining in June 2023 that it had "ultimately determined that it would be a better use of time and resources to focus on the two remaining defendants in this case, Supreme Lending and Luke Welling." Dkt. 53 at 3. On October 4, 2023, the parties filed a stipulated motion for American Pacific to amend its complaint and narrow the claims against the two remaining defendants, which the Court granted. Dkts. 57, 58. On October 27, 2023, at the Court's direction, the parties filed supplemental briefs addressing "whether and how the dismissal of Plaintiff's claims against the seven individuals for whom arbitration was compelled affects their status as 'prevailing parties' under the terms of their Employment Agreements and California Civil Code section 1717(a)." Dkts. 60, 64, 65.

ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES - 3

### III.   DISCUSSION

**A.   Defendants concede they are not entitled to attorney's fees based on the employment agreements under California law.**

In their supplemental brief filed on October 27, 2023, Defendants concede that because Plaintiff voluntarily dismissed its claims against the seven individual defendants for whom arbitration was compelled, those individuals are not "prevailing parties" under the California law applicable to their employment agreements, and Defendants "therefore withdraw their argument that they are entitled to attorneys' fees under California law." Dkt. 65 at 2. The Court appreciates Defendants' candor and need not address this argument further.

**B.   Plaintiff's conduct does not rise to a level warranting sanctions.**

Defendants request instead that the Court award attorney's fees for the cost of compelling arbitration under its inherent powers or the federal statute authorizing imposition of costs and attorney's fees against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Dkt. 43 at 5–8; Dkt. 65 at 2; *see* 28 U.S.C. § 1927.

But "[s]anctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

Similarly, the Court's inherent power to issue sanctions must be "exercised with restraint and discretion" and reserved for "bad-faith conduct" and "conduct which abuses the judicial process." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (citations omitted). This restraint and discretion is particularly important in the context of a motion to compel arbitration. Parties frequently challenge the enforceability of arbitration clauses, and an

award of sanctions for doing so without a clear showing of bad faith or abuse of process could have a chilling effect on parties with potentially meritorious but untested arguments.

Although Plaintiff's arguments in opposition to the motion to compel arbitration lacked merit and arguably wasted the time of the Court and the parties, the record does not show they were so recklessly or knowingly frivolous as to demonstrate subjective bad faith or conduct that abuses the judicial process, and there is thus not a legal basis to award Defendants their attorney's fees.

## IV.  CONCLUSION

For the reasons explained above, the Court DENIES Defendants' motion for attorney's fees (Dkt. 43).

Dated this 27th day of October, 2023.

        Tiffany M. Cartwright
        United States District Court Judge