UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION; ELEMENT MORTGAGE, Plaintiff, v. EVERETT FINANCIAL INC.; LUKE WELLING; JANE/JON DOES 1-10; DOE BUSINESS/CORPORATE ENTITIES 1-10, Defendant. | Case No. 2:21-cv-01088-TMC ORDER GRANTING MOTION TO EXTEND CERTAIN CASE DEADLINES |

Before the Court is Plaintiffs American Pacific Mortgage and Element Mortgage's ("APM") motion to extend certain case deadlines, which seeks to continue case scheduling deadlines for expert witness disclosure/reports under FRCP 26(a)(2), rebuttal expert disclosure/reports, discovery motions, and discovery. Dkt. 78 at 2–3.

On November 2, 2023, the Court entered a minute order setting out trial and pretrial deadlines, which adopted the parties' proposal for bifurcated discovery requested in their joint status report. Dkt. 68; *see* Dkt. 67 at 3–4. The Court included its template scheduling order, which is generated through ECF based on the trial date and contains only a single discovery

ORDER GRANTING MOTION TO EXTEND CERTAIN CASE DEADLINES - 1

cutoff, but clarified in the minute order that the Court was adopting the parties' proposal and set out the requested deadlines accordingly. *See* Dkt. 68 ("The Court grants parties' request for two phase discovery . . . ."). The Court does not believe there was inconsistency or ambiguity in this order and the parties did not seek clarification.

A party seeking an extension of an expired filing deadline must show that they failed to meet the deadline "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts consider four factors in determining whether a movant has made this showing: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). This inquiry is discretionary. *Prado v. Nielsen*, 379 F. Supp. 3d 1161, 1166 (W.D. Wash. 2019) (citing *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004)).

Proceeding under the assumption that the operative deadline for fact discovery is August 16, 2024—and not May 15, 2024, the deadline set out in the current scheduling order, Dkt. 68—APM argues that it has shown good cause—under Rule 6(b)(1)(A)—to continue the above deadlines as follows:

- Disclosure of expert testimony under FRCP 26(a)(2): June 17, 2024
    - Proposed New Deadline: August 16, 2024
- Disclosure of rebuttal expert testimony under FRCP 26(a)(2): July 17, 2024
    - Proposed New Deadline: September 16, 2024
- All motions related to discovery: July 17, 2024
    - Proposed New Deadline: September 16, 2024
- Discovery cut-off: August 16, 2024
    - Proposed New Deadline: September 16, 2024

ORDER GRANTING MOTION TO EXTEND CERTAIN CASE DEADLINES - 2

Dkt. 68 at 3. APM argues that significant health issues experienced by APM's general counsel as well as "ongoing transitions of counsel" justify extending the deadlines. Dkt. 78 at 3. In November and December 2023, APM's general counsel, Chuck Nugent, experienced a debilitating and life-threatening medical condition. Dkt. 87 ¶ 2. As a result, he was unable to return to work until March 2024 and unable to "coordinate" with APM's counsel in this litigation until April 2024. *See id.* ¶¶ 3, 5. He "returned to full-time work" in April 2024 "but still faced health challenges and a backlog of work" upon his return. *Id.* ¶ 5. During this time, Attorney Nugent has been the only "[a]ttorney in APM's legal department[] and the only person at APM with any legal background." *Id.* ¶ 6. As a result, "[w]hen [his] health issues arose, [he] did not have a competent replacement to manage this litigation internally or respond to counsel's request." *Id.* And "[w]hen [his] health issues improved, [he] faced a workload that exceeded [his] capacity." *Id.* APM's counsel in this case confirms that he was unable to communicate with Attorney Nugent during this time. *See* Dkt. 86 ¶ 2. He also states that, although he knew Attorney Nugent was "seriously ill," he did not know the extent of his condition or when he might return to work while he was unable to communicate with him. *See id.*

        According to APM, Attorney Nugent's condition has "significantly delayed APM's prosecution of the claims against Everett Financial/Supreme Lending and Mr. Welling and severely impacted APM's ability to participate meaningfully in discovery and other pre-trial preparations." Dkt. 78 at 3. These issues, combined with "the transition" of new counsel, has "resulted in insufficient time to produce expert disclosures by the current June 17, 2024, deadline." *Id.* at 4.

        Defendants respond largely by recounting prior unrelated conduct of APM and its counsel that Defendants believe amount to unreasonable delays and questioning whether the issues raised by APM prevented it from adequately participating in discovery. *See generally*

Dkt. 83. They do not specifically address the excusable neglect factors or explain how they have been prejudiced.

The Court finds that the delay in this case will not significantly affect the proceedings, and APM's evidence is sufficient to show that the reasons for delay were beyond its control and that it attempted to participate in discovery despite the issues it faced. *See Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (holding, under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, that "[i]llness of counsel . . . may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file.").

For the above reasons, APM's motion to extend certain case deadlines is GRANTED. Dkt. 78. The Clerk of Court is DIRECTED to enter a new scheduling order with the following new deadlines:

- Disclosure of expert testimony under FRCP 26(a)(2): August 16, 2024
- Disclosure of rebuttal expert testimony under FRCP 26(a)(2): September 16, 2024
- All motions related to discovery: September 16, 2024
- Fact and expert discovery completed by: September 16, 2024

Dated this 3rd day of July, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO EXTEND CERTAIN CASE DEADLINES - 4