UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION; ELEMENT MORTGAGE, Plaintiff, v. EVERETT FINANCIAL INC.; LUKE WELLING; JANE/JON DOES 1-10; DOE BUSINESS/CORPORATE ENTITIES 1-10, Defendants. | Case No. 2:21-cv-01088-TMC ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |

## I.   INTRODUCTION AND BACKGROUND

Before the Court are Plaintiff American Pacific Mortgage (APM) and Defendant Everett Financial, Inc.'s (doing business as "Supreme Lending") motions to seal. Dkt. 169; Dkt. 171; Dkt. 178; Dkt. 181. The documents at issue are:

(1) Redacted portions of the opposition to the motion to exclude APM's damages expert, Erica Bramer, Dkt. 168;

(2) Exhibit 1 to Dkt. 168, Bramer's initial November 2024 damages report;

(3) Exhibit 3 to Dkt. 168, Bramer's updated February 2025 damages report;

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 1

(4) Exhibit A to Dkt. 179, Bramer's initial November 2024 damages report;

(5) Exhibit B to Dkt. 179, excerpts of Bramer's deposition testimony;

(6) Exhibit C to Dkt. 179, excerpts from APM executive Dustin Sheppard's deposition testimony;

(7) Exhibits 12, 13, and 14 (employee files) to Dkt. 173, APM's opposition to Supreme's motion for summary judgment;

(8) Exhibit 21 to Dkt. 173, a list of loans allegedly diverted from APM to Supreme;

(9) Exhibits 26, 27, and 28 to Dkt. 173, employment agreements with former APM employees;

(10) Exhibit 4 to Dkt. 182, excerpts from APM executive Dustin Sheppard's deposition testimony;

(11) Exhibits 18–20 to Dkt. 182, employee files; and

(12) Exhibit 24 to Dkt. 182, an email chain detailing Sheppard's request to add non-compete language to APM's employment contracts after learning the employees who left did not have such provisions in their contracts.

## II.    LEGAL STANDARD

A court considering a sealing request starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and seal court records relating to a dispositive motion must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). "Documents filed in support of a non-dispositive motion may remain sealed if the Court finds 'good cause' exists to protect the information from public disclosure." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1180).

Further, this district's Local Civil Rules require a motion to seal include "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Civ. R. 5(g)(3)(B). "There is a strong presumption of public access to the court's files." Local Civ. R. 5(g).

### III.    DISCUSSION

**A.    Docket 169**

Plaintiff American Pacific Mortgage Corporation (APM) disclosed the report of its damages expert to Defendant Supreme Lending. Dkt. 149 at 2. APM designated it "Highly Confidential" and "Attorneys' Eyes Only," in accordance with a Protective Order issued by this Court. *Id.* Defendants moved to exclude the report, Dkt. 150, and APM filed its opposition shortly after. Dkt. 168. APM now moves to seal portions of its opposition as well as Exhibits 1 and 3 to the briefing. Dkt. 169 at 2.

In a previous order, the Court sealed the report and expert testimony. Dkt. 187 at 3. For the same reasons as provided there, the Court does so here for Exhibits 1 and 3. *See id.* The Court thus GRANTS the motion and orders that the redacted portions of the opposition be filed under seal.

**B.    Docket 178**

Second, Defendant Supreme moves to file under seal Exhibits A and B to their motion to exclude APM's damages expert. Dkt. 178 at 1. Exhibit A includes the report and Exhibit B includes portions of the expert's testimony. *Id.* at 2. Supreme also requests that Exhibit C be sealed until the Court can determine whether it is "subject to public disclosure in whole or in part." *Id.* at 1. Exhibit C includes excerpts of the deposition testimony of one of APM's

executives. *Id.* at 2. The documents were all designated confidential or highly confidential by APM under the Court's Protective Order. *Id.*

Under Local Civil Rule 5(g)(3), a motion to seal must include a statement of the applicable legal standard and the reasons for keeping the document under seal. LCR 5(g)(3)(B). However, where the Court has entered a Protective Order "governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above." LCR 5(g)(3). Rather, "the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." *Id.*

As Supreme explains, APM is the party that designated the documents confidential under the Protective Order. Dkt. 178 at 2. Accordingly, APM is the party who must state the applicable legal standard and justify sealing the document. LCR 5(g)(3). APM did not respond to Supreme's motion to seal. Thus, APM has failed to meet the requirements of LCR 5(g)(3). The motion to seal is DENIED, and Exhibits A, B, and C will be unsealed.

**C.      Docket 171**

Next, APM moves to seal Exhibits 12, 13, 14, 21, 26, 27, and 28 to their opposition to Supreme's partial motion for summary judgment. Dkt. 171 at 2.

The Court begins with Exhibits 12, 13, and 14. APM explains that the three exhibits have been designated confidential by Supreme. *Id.* at 4. APM does not contest their confidentiality. *Id.* In response, Supreme explains that Exhibits 12, 13, and 14 are identical to Exhibits 18, 19, and 20 to Dkt. 155. Dkt. 189 at 1–2. The Court denied Supreme's request to seal the materials previously and ordered the materials be filed with redactions. Dkt. 187 at 5. The appropriately redacted exhibits are now filed as Exhibits 18, 19, and 20 to Dkt. 188. Accordingly, the Court orders the same here.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 4

Next, Exhibit 21 includes a list of loans allegedly diverted from APM to Supreme and the corresponding damages model. Exhibit 21 is identical to Exhibit 27 to Supreme's motion to seal, Dkt. 154. The Court previously found that the exhibit does contain confidential financial information and should be sealed. Dkt. 187 at 4. For the same reasons, the Court orders that Exhibit 21 be sealed here.

Finally, Exhibits 26, 27, and 28 are employment agreements for three former APM employees. *Id.* APM argues that the agreements "contain confidential information regarding internal policies and procedures, employee compensation and commission, and APM's expectations of its employees." *Id.* APM further claims that the exhibits "set forth APM's internal procedures and policies such as the duties of employees, confidentiality policies, and employees compensation." *Id.* at 3.

Under *Kamakana*, the burden to show compelling reasons is not met by conclusory assertions; rather, the movant must "articulate compelling reasons supported by specific factual findings." 447 F.3d at 1178. For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g., Pintos v. Pac. Creds. Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Here, APM has not offered the type of specific factual information that would justify sealing. Merely alleging that the documents contain confidential company procedures or policies is insufficient. *See, e.g., Cittadino v. BrandSafway Servs., LLC*, No. 2:23-CV-00322 WBS JDP,

2024 WL 4713477, at *1 (E.D. Cal. Oct. 9, 2024) ("Defendants' request states only that 'the Documents contain commercially sensitive or private financial information and highly confidential company procedures and BrandSafway would be harmed if this information were generally known.' . . . This boilerplate statement alone does not outweigh the history of access and public policies favoring disclosure to the public."); *Uniloc 2017 LLC v. Apple Inc.*, No. C 18-00360 WHA, 2019 WL 2009318, at *3 (N.D. Cal. May 7, 2019), *aff'd in part, vacated in part, remanded*, 964 F.3d 1351 (Fed. Cir. 2020) ("The document describes '[the executive's] responsibilities as the chief executive officer of several of the Uniloc entities, and is in this respect akin to an employment agreement' and plaintiffs therefore claim that it is 'private as to him'. . . . This fails to provide a sufficiently compelling reason supported by specific factual findings that overcome the presumption of access, especially considering that plaintiffs seek to seal the entire document.").

As to the compensation information contained in the agreements, the Washington legislature has expressed a public policy favoring wage transparency. *See* RCW 49.58.110 (requiring employers "disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant."). The purpose of the law is to "promote[] pay equity in Washington State by addressing business practices that contribute to income disparities." *Perry v. Boeing Co.*, No. 2:24-CV-01000-RSL, 2024 WL 4867023, at *1 (W.D. Wash. Nov. 22, 2024). To achieve this goal, the law "requires certain employers to disclose in each job posting the available position's wage scale/salary range and a general description of other compensation and benefits." *Id.* (citing RCW 49.58.110). While not directly applicable here, this statute supports the principle that there are rarely, if ever, compelling reasons to keep employee compensation information confidential.

APM has failed to "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. And given both Washington state's policy favoring wage transparency, RCW 49.58.110, and the "strong presumption in favor of access to court records," the Court finds that APM has not met the standard for sealing the agreements here. *See Foltz*, 331 F.3d at 1135.

**D.      Docket 181**

Lastly, Supreme requests to file Exhibits 4, 18–20, and 24 under seal. Dkt. 181. Supreme requests that Exhibits 18–20 be sealed in their entirety. *Id.* at 2. Exhibits 18–20 contain employee files that include personal information about former Supreme employees. *Id.* Supreme has designated these materials "Highly Confidential" under the Protective Order, and requests that they remain under seal. *Id.*

Because Supreme is the party that designated the documents confidential, Supreme is required to address the relevant legal standard and the reasons for keeping the document under seal. LCR 5(g)(3). This includes an explanation of "the legitimate private or public interests that warrant the relief sought;" "the injury that will result if the relief sought is not granted; and" "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). Supreme has not done so here. Accordingly, the request to seal Exhibits 18–20 is DENIED. The documents will be unsealed.

Supreme also requests that Exhibits 4 and 24 be sealed until the Court determines whether they are subject to partial or full public disclosure. Dkt. 181 at 2–3. APM designated Exhibits 4 and 24 "Highly Confidential" under the Protective Order. *Id.* at 2. Supreme does not believe that there is an adequate basis to permanently seal Exhibits 4 and 24 in their entirety. *Id.* at 2–3.

Here, the burden falls on APM to justify sealing the documents. LCR 5(g)(3). APM did not respond to Supreme's motion. Accordingly, both Exhibits 4 and 24 will be unsealed.

## IV.   CONCLUSION

For these reasons, the Court ORDERS as follows:

- The motion to seal (Dkt. 169) is GRANTED and the Clerk is directed to seal the redacted portions of Dkt. 170 and to seal Dkt. 170-1 and 170-2 in their entirety.

- The motion to seal (Dkt. 171) is GRANTED IN PART AND DENIED IN PART and the Clerk is directed to seal Dkt. 172-3 and to unseal Dkt. 172-1, 172-2, 172-4, 172-5, and 172-6.

- The motion to seal (Dkt. 178) is DENIED and the Clerk is directed to unseal Dkt. 179-1, 179-2, and 179-3.

- The motion to seal (Dkt. 181) is DENIED and the Clerk is directed to unseal Dkt. 182-1, 182-2, 182-3, 182-4, and 182-5.

Dated this 5th day of June, 2025.

Tiffany M. Cartwright
United States District Judge